UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACK GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-562-TAV-CCS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the Plaintiff's Motion for Judgement on the Pleadings and Memorandum in Support [Docs. 12 & 13] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15]. Jack Griffith ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On September 25, 2014, the Plaintiff filed an application for disability insurance benefits ("DIB"), claiming a period of disability which began March 1, 2014. [Tr. 160-63]. After his application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr. 93-94]. On August 3, 2015, a hearing was held before the ALJ to review determination of the Plaintiff's claim. [Tr. 26-48]. On September 18, 2015, the ALJ found that the Plaintiff was not disabled. [Tr. 6-25]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-4]; thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on December 18, 2015, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

I. **ALJ FINDINGS**

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since March 1, 2014, the alleged onset date (20 CFR 404.1571 et seq.).
>
> 3. The claimant has the following combination of severe impairments: right ankle tendinitis, degenerative disc disease, and anxiety disorder (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can lift and carry, push and pull 20 pounds occasionally and 10 pounds frequently. With normal breaks in an 8-hour day, he can sit for 6 hours and stand and/or walk for 6 hours; can occasionally climb ladders, ropes, scaffolds, ramps, and stairs; and can occasionally balance stoop, kneel, crouch, and crawl. The claimant can understand and perform simple and detailed tasks, but cannot make independent decisions at an executive level; can interact appropriately with co-workers and supervisors on a frequent basis, and with the public on an occasional basis; can set goals independently; and can adapt to gradual and infrequent workplace changes.
>
> 6. The claimant is unable to perform any past relevant work.

7. The claimant was born on August 10, 1971 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disable," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2014, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 11-25].

## II. DISABILITY ELIGIBILITY

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

3

his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); see 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. Id. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

**III.     STANDARD OF REVIEW**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV.  POSITIONS OF THE PARTIES**

On appeal, the Plaintiff argues that the ALJ failed to adequately address the Plaintiff's 100% disability rating received from the Department of Veterans Administration ("VA"). [Doc. 13 at 6-7]. The Plaintiff concedes that disability decisions rendered by other governmental agencies are not binding in social security cases, but argues that such decisions must be considered and submits that other circuit courts have concluded that VA disability ratings are entitled to evidentiary weight. [Id.]. In particular, the Plaintiff cites case law from the Fourth, Fifth, Ninth, and Eleventh Circuit Courts, all of whom have held that VA disability ratings are entitled to "great weight." [Id. at 7].

The Commissioner responds that the ALJ explicitly discussed the VA's decision and properly considered the disability rating. [Doc. 15 at 4]. The Commissioner explains that the Social Security Administration ("SSA") uses different criteria than the VA for determining disability, and that the ALJ properly considered the evidence of record under the framework employed by the SSA. [Id. at 4-5]. The Commissioner also argues that the Plaintiff ignores the

6

rest of the ALJ's decision which discusses in detail other evidence, including uncontested medical opinions, in forming the Plaintiff's residual functional capacity. [Id. at 5-8].

## V. ANALYSIS

The Plaintiff served in the United States Army from September 3, 1991, until February 28, 2014, when he retired. [Tr. 33, 150]. The Plaintiff testified that following his retirement, he underwent five different surgeries, including surgeries on both elbows, an umbilical hernia, a lump on his back, and nose surgery, that left him unable to "do anything in the army at all." [Tr. 33-34]. On September 25, 2014, the VA awarded the Plaintiff benefits for service connected injuries, concluding that the Plaintiff's individual injuries rendered an overall or combined disability rating of 100%. [Tr. 137-49].

The individual injuries and their corresponding disability ratings are as follows: 10% for status post right wrist facture, 40% for degenerative disc disease thoracolumbar spine, 30% for migraine headaches, 10% for right lateral epicondylitis, 20% for degenerative disc disease of the cervical spine, 10% for left lateral epicondylitis, 10% for right ankle tendonitis, 10% for esophageal reflux, 30% for superficial scars, 100% for posttraumatic stress disorder with history of a traumatic brain injury, 10% for tinnitus, 10% for left cubital tunnel syndrome, 10% for status post right foot injury with arthritis fifth metatarsal, and 10% for right cubital tunnel syndrome. [Tr. 139-46, 1281].

The Court observes that evidence of an impairment may include "[d]ecisions by any governmental or nongovernmental agency about whether [an individual is] disabled." 20 C.F.R.

§ 404.1512(b)(1)(v). However, another agency's decision is not determinative of disability under the Social Security Act, because that agency's decision is based on its own rules, whereas a disability claim filed pursuant to the Social Security Act is assessed by social security law. 20 C.F.R. § 404.1504; see Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006) ("[B]ecause other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency."). Nonetheless, "[e]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6.

While other circuit courts have endorsed a specific evidentiary value for disability decisions rendered by the VA, the law in this Circuit is that a VA disability rating "is entitled to consideration" but is not entitled to any particular weight. Ritchie v. Comm'r of Soc. Sec., 540 F. App'x. 508, 510-11 (6th Cir. 2013) (explaining that the Sixth Circuit has "not specified the weight such a determination should carry when determining social security disability eligibility"). Instead, a "disability rating by the Veterans Administration is only one factor to be considered in making a social security disability finding." Id. at 511. "Regardless of the weight afforded, an ALJ 'should explain the consideration given to these decisions in the notice of decision.'" LaRiccia v. Comm'r of Soc. Sec., 549 F. App'x 377, 388 (6th Cir. Dec. 13, 2013) (quoting Soc. Sec. Rul. 06–03p 2006 WL 2329939, at *6).

Accordingly, in the absence of controlling case law, this Court has "decline[d] to agree with other circuit courts that have ruled that the disability rating, alone, is entitled to 'great weight.'" Lawson v. Colvin, No. 3:15-CV-119-PLR-CCS, 2015 WL 9942593, at *5 (E.D. Tenn. Dec. 30, 2015) adopted by No. 3:15-CV-119-PLR-CCS, 2016 WL 347679, at *1 (E.D. Tenn.

8

Jan. 28, 2016); see Golden v. Colvin, No. 3:14-CV-492-PLR-HBG, 2015 WL 8917876, at *5 (E.D. Tenn. Nov. 23, 2015) (observing that Sixth Circuit case law recognizes VA disability ratings as only one factor to be considered and holding that "as long as the ALJ considers the disability rating and explains her consideration of the rating, the ALJ has fulfilled her duty") adopted by No. 3:14-CV-492-PLR-HBG, 2015 WL 8967978, at *1 (E.D. Tenn. Dec. 15, 2015).

In the present matter, the Court finds that the ALJ properly considered the VA's disability rating. The ALJ observed that the Plaintiff "reported he has 100% service-connected disability from the VA, which means that the VA believes he could not perform his prior military service work." [Tr. 14]. The ALJ remarked, "it is not a decision as to whether he can perform civilian work." [Id.]. The ALJ continued by discussing in detail the medical evidence of record, including the individual disability ratings received from the VA, various imaging studies, treatment records, and medical opinions from consultative examiners and non-examining state agency physicians. [Tr. 15-19]. The Plaintiff fails to look at the entirety of the ALJ's decision which describes specific evidence relating to the medical findings made by the VA and explains why said evidence fails to establish disabling impairments under the context of social security law.

For example, with regard to the Plaintiff's physical impairments, the ALJ concluded that "treatment records indicated that with treatments, medications, and surgeries that many of [the Plaintiff's] more acute complaints had resolved or had improved significantly." [Tr. 19]. As to the Plaintiff's mental impairments, the ALJ found that functional restrictions alleged due to post-traumatic stress disorder were disproportionate to clinical findings, including multiple global assessment of functioning scores that indicated only mild symptoms. [Id.]. In addition, the ALJ assigned great weight to the consultative and state agency physicians who rendered formal

9

functional assessments with regard to the Plaintiff's mental and physical limitations. [Tr. 19-20]. The Plaintiff cites no error on the ALJ's part in evaluating the medical evidence or opinions of record, and the Court finds none based upon its on review.

In sum, the ALJ's decision demonstrates that he considered the VA's decision, but evidence relating to the impairments that contributed to the disability rating failed to establish disabling impairments under the rules and regulations governing social security. The Plaintiff's only contention of error is that the ALJ should have assigned some evidentiary weight to the disability rating. However, the appropriate standard for evaluating the VA's decision is for the ALJ to consider the decision and explain his consideration in the instant disability determination. The Court finds that the ALJ did just that.

Therefore, the Plaintiff's allegation of error is without merit.

## VI. CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[1] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 12**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 14**] be **GRANTED**.

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140 (1985). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).